UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-05452 BRO (GJSx)** | Date | October 11, 2016 |
|---|---|---|---|
| Title | **GLORIA J. LAWRENCE V. FCA US LLC** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE PLAINTIFF'S MOTION TO REMAND [8]

### I.     INTRODUCTION

Pending before the Court is Plaintiff Gloria J. Lawrence's ("Plaintiff") Motion to Remand. (Dkt. No. 8 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

####      A.     Factual Background

This lawsuit involves a dispute arising from Plaintiff Gloria J. Lawrence's ("Plaintiff") purchase of a new 2013 Dodge Durango on September 18, 2013. (Dkt. No. 1 (hereinafter, "Removal"), Ex. A (hereinafter, "Compl.") ¶ 7.) Plaintiff, a California resident, purchased her vehicle from FCA US LLC ("Defendant"), a Limited Liability Company with its sole member, FCA North America Holdings LLC, residing in the Netherlands and its principal place of business in Michigan. (Compl. ¶ 1; Removal ¶¶ 7.1–7.2.) Plaintiff purchased the Dodge Durango for $39,319.12: $3,500 for the down payment, $30,568.19 financed, and $5,250.93 in financing charges. (Dkt. No. 9 (hereinafter, "Opp'n") at 5; Compl., Ex. 1.) Plaintiff alleges that Defendant sold her a car with a defective Totally Integrated Power Module ("TIPM"), despite knowing that the TIPMs were defective. (Compl. ¶ 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

Plaintiff asserts that because of the TIPM defect her vehicle had several issues, including: irregular engine noises, numerous recalls due to TIPM failures, and electrical malfunctions. (Compl. ¶¶ 13(a)–(c).) On March 6, 2015, Plaintiff delivered her vehicle to an authorized repair facility for repair, at that time she complained of an irregular noise coming from her car. (Compl. ¶ 93.) Prior to the March 6, 2015 repair, Plaintiff had driven her car for 24,246 miles. (Opp'n, Ex. 4.)[1] Ultimately, Plaintiff had her car repaired four times over an eight-month period. (Compl. ¶¶ 93–96.)

Plaintiff filed this action on June 20, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"). (*See* Compl.) Plaintiff alleges three state law causes of action against Defendant: (1) breach of express warranty in violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"); (2) breach of implied warranty in violation of Song-Beverly; and, (3) fraudulent concealment. (Compl. ¶¶ 128–74.) On June 21, 2016, Plaintiff served a copy of the Summons and Complaint. (Removal ¶ 3.) On July 21, 2016, Defendant filed its Notice of Removal with this Court. (*See* Removal.) Plaintiff filed the instant Motion to Remand back to Los Angeles Superior Court on August 19, 2016. (*See* Mot.) Defendant filed its Opposition on September 26, 2016. (*See* Opp'n.) On October 3, 2016, Plaintiff filed her Reply, (Dkt. No. 10), and objections to Defendant's evidence, (Dkt. No. 11).

## III.  LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

---

[1] Plaintiff objects to the exhibits Defendant included with its Opposition. (*See* Dkt. No. 11.) "In ruling on a motion to remand courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence." *Johnson v. Sunrise Senior Living*, No. CV 16-00443 BRO (RAOx), 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) (quoting *Cardroom Int't LLC v. Scheinberg*, No. 12-02870 MMM (AGRx), 2012 WL 2263330, at *4 n.12 (C.D. Cal. June 18, 2012) (citations omitted)). "Plaintiff provides the Court with no authority— nor does this Court find any—to equate the 'summary judgment-*type* evidence' discussed by courts in connection with motions to remand, with evidence actually admissible at trial (or at the summary judgment stage) pursuant to the Federal Rules of Evidence." *Id.* (emphasis in original). Therefore, the Court **OVERRULES** Plaintiff's objections and considers Defendant's proffered evidence.

Case 2:16-cv-05452-BRO-GJS Document 14 Filed 10/11/16 Page 3 of 8 Page ID #:258

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

Plaintiff seeks to have the instant case remanded to state court. Plaintiff provides two arguments as to why the Court should remand this case: (1) Defendant failed to establish that the amount in controversy exceeds $75,000; and, (2) that comity principles support remand. (*See* Mot. at 5, 17.) Plaintiff does not contest the complete diversity of the parties.[2] (*See* Mot.) For the following reasons, the Court finds that removal was proper and **DENIES** Plaintiff's Motion to Remand.

---

[2] In order for the Court to have diversity jurisdiction the dispute must be between citizens of different states and each plaintiff must be diverse from each defendant. *See* 28 U.S.C. § 1332(a)(1); *Caterpillar Inc.*, 519 U.S. at 67–68. As noted above, Plaintiff is a citizen of California. (Mot. at 1.) FCA is an LLC with its sole member residing in the Netherlands and its principal place of business in Michigan. (Removal ¶¶ 7.1–7.2.) As such, the Court finds that there is complete diversity among the parties.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

### A. Amount in Controversy

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence; this requires that the defendant offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition," and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

Here, the amount in controversy is unclear from the face of the Complaint. (*See* Compl.) Defendant claims that the amount in controversy exceeds $75,000 due to the statutory damages she may recover under Song-Beverly as well as potentially recoverable punitive damages for fraudulent concealment. (Removal ¶¶ 8–9; Opp'n, Ex. 4.)

### 1. Actual Damages Under Song-Beverly

Song-Beverly allows a plaintiff to recover for an automobile manufacturer's violation of an express warranty. *See* Cal. Civ. Code § 1793.2. Under Song-Beverly, a plaintiff can collect restitution "in an amount equal to the actual price paid or payable by the buyer" for the automobile. Cal. Civ. Code § 1793.2(d)(2)(B). This amount is "reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, . . . for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C). To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by

Case 2:16-cv-05452-BRO-GJS Document 14 Filed 10/11/16 Page 5 of 8 Page ID #:260

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

a fraction—the denominator is 120,000 and the numerator is the number of miles the buyer drove the car prior to the first relevant repair.[3] *Id.*

The purchase price of Plaintiff's vehicle was $34,068.19. (Removal ¶ 8, Compl. Ex. 1.) This price includes the financed amount of $30,568.19 and the down payment of $3,500.[4] (Opp'n at 5, Compl. Ex. 1). According to Plaintiff's Complaint, she first took her vehicle in for repairs on March 6, 2015. (Compl. ¶ 93.) On March 6, 2015, the vehicle's mileage was 24,267 miles, but because Plaintiff purchased the car when it had 21 miles on it, Plaintiff had only driven the car for 24,246 miles. (Removal ¶ 8 n.3; Opp'n, Ex. 4.) Thus, the reduction in price attributable to the buyer is $6,883.48.[5] (Removal ¶ 8.) Therefore, the amount in actual damages Plaintiff can collect is $27,184.71.[6]

---

[3] Amount paid or payable $\times \frac{\text{Miles Driven Prior to First Relevant Repair}}{120{,}000}$ = amount directly attributable to use by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C).

[4] Defendant did not include the total finance charges of $5,250.93 in its purchase price calculation, even though that would have raised the total purchase price to $39,319.12. (Opp'n at 5.) Paid finance charges are recoverable. *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38–39 (Cal. Ct. App. 2000). However, Defendant has failed to state whether and how much of the finance charges Plaintiff has actually paid. (*See* Removal; Opp'n.) Therefore, the Court does not include finance charges in the damage calculation.

[5] $34,068.19 (amount paid or payable) $\times \frac{24{,}246 \text{ (Miles Driven Prior to First Relevant Repair)}}{120{,}000}$ = $6,883.48.

[6] Plaintiff contends that Defendant uses the wrong purchase price as the base for the mileage setoff calculation because under § 1793(d)(2)(C) (which explains how to calculate the mileage setoff amount), the purchase price should not include taxes, registration, and license fees. (Mot. at 10); *see also* Cal. Civ. Code § 1793.2(d)(2)(B). In this case, Plaintiff's taxes, registration, and license fees were $2,831.19. (*See* Compl., Ex. 1). Assuming Plaintiff was correct, reducing the purchase price by $2,831.19 from $34,068.19 to $31,237 to perform the mileage setoff calculation would result in the following:

$31,237 (amount paid or payable) $\times \frac{24{,}246 \text{ (Miles Driven Prior to First Relevant Repair)}}{120{,}000}$ = $6,311.45.

Thus, the mileage setoff for Plaintiff's use would be $6,311.45. However, under § 1793(d)(2)(B) (which explains how to calculate the total amount of restitution the manufacturer may be required to pay), the taxes, registration, and license fees *are* included in the purchase price. *See* Cal. Civ. Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

### 2. Civil Penalty Damages

Next, in order to reach the $75,000 jurisdictional minimum, Defendant relies on Plaintiff's request for civil penalty damages under Song-Beverly. (Removal ¶ 8.) "The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law." *Brady v. Mercedes-Benz USA, Inc.* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted). Song-Beverly does not have punitive damages but "[c]ourts have held that the civil penalty under [Song-Beverly] is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Id.* (citations omitted). Moreover, "courts have held in other contexts that treble damages authorized by state law may be included in determining the amount in controversy" and Song-Beverly "in effect authorizes treble damages." *Id.* (citations omitted). Therefore, the Court finds that Song-Beverly's civil penalty damages are properly included in the amount in controversy.

Here, Plaintiff asserts that she is entitled to civil damages under Song-Beverly. (Compl. ¶ 142.) "[I]f the buyer establishes a violation of [§ 1793.2] the buyer shall recover . . . a civil penalty of up to two times the amount of damages." Cal. Civ. Code § 1794(e)(1). "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) (citing *Brill v. Countrywide Home Loans*, 427 F.3d 446, 448 (7th Cir. 2005); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal 2005); *Brady*, 243 F. Supp. 2d at 1009). As stated above, the amount of actual damages is $27,184.71. Therefore, Plaintiff can recover up to $54,369.42 in civil damages. *See* Cal. Civ. Code § 1794(e)(1). Combining the possibility of Plaintiff's restitution along with her recoverable civil penalties, the Court finds that it is more likely than not that the amount in controversy under Song-Beverly is $81,554.13.

---

§ 1793.2(d)(2)(B). Thus, the total damages under § 1793.2(d)(2)(B) would be $34,068.19 - $6,311.45 = $27,756.74. This is a higher damages amount than under Defendant's calculation. As it is Defendant's burden to establish the amount in controversy, the Court uses Defendant's lower damages calculation.

Case 2:16-cv-05452-BRO-GJS Document 14 Filed 10/11/16 Page 7 of 8 Page ID #:262

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

### 3. Punitive Damages

Finally, Defendant claims that because the plaintiff is seeking punitive damages, it is even more likely that the amount in controversy is greater than $75,000. (Removal ¶ 9.) "It is well established that punitive damages are a part of the amount in controversy for purposes of establishing diversity jurisdiction." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154 AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)). Here, Plaintiff seeks punitive damages of an unstated amount. (Compl. at 28.) "When assessing the probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation." *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). However, Defendant has not provided any analogous verdicts or estimates about the amount, and because the Defendant bears the burden to prove damages, *see Guglielmino*, 506 F.3d at 699, the Court cannot consider punitive damages in determining the amount in controversy.

Nevertheless, the Court finds that the Defendant has sufficiently proved the amount of statutory damages under Song-Beverly. Accordingly, the Court finds Defendant's calculation of the amount in controversy, $81,554.13, to be a satisfactory approximation of damages showing, more likely than not, that the amount in controversy here exceeds $75,000. As such, the Court finds that it has diversity jurisdiction over the matter under 28 U.S.C. § 1332(a).

### B. Comity

Next, Plaintiff seeks remand based on the doctrine of comity. (Mot. at 17–19.) Plaintiff contends that even if the Court has diversity jurisdiction "it should decline to exercise it here and remand the action back to State Court." (Mot. at 19.) "[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) (citation omitted) (comparing mandatory diversity jurisdiction under 28 U.S.C. § 1332 with discretionary supplemental jurisdiction under 28 U.S.C. §1367(c)). "District courts sitting in diversity therefore lack the option of refusing state law claims out of consideration for 'judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05452 BRO (GJSx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | GLORIA J. LAWRENCE V. FCA US LLC | | |

economy, convenience, fairness, and comity.'" *Id.* (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). As stated above, the Court has diversity jurisdiction over this matter. Therefore, the Court finds Plaintiff's comity argument unavailing and **DENIES** Plaintiff's Motion to Remand.

### D. Attorneys' Fees

Plaintiff seeks $975 in attorneys' fees incurred in bringing this Motion, based on the allegation that Defendants' removal was improper. (*See* Mot. at 19.) "Absent unusual circumstances," a district court may award fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court holds removal was proper; therefore, an award of attorneys' fees is inappropriate. As such, the Court **DENIES** Plaintiff's request for attorneys' fees.

### V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to sufficiently establish grounds for remand in this case. Therefore, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES** Plaintiff's request for attorneys' fees. The Court VACATES the hearing in this matter set for October 17, 2016 at 9:00 a.m.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |